[Civ. No. 3920. Third Appellate District.—December 18, 1929.]

WILLIAM ECHOLS, Appellant, v. MARY B. ECHOLS et al., Respondents.

Luke J. McN̶̶̶̶ ̶a̶n̶d̶ Irving S. Baltimore for Appellant.

Joseph Scott and A. G. Ritter for Respondents.

PRESTON (H. L.), J., *pro tem.*—The plaintiff, William Echols, brought this action against his wife and daughter to quiet title to two lots situated in the city of Glendale. Judgment was entered in favor of his wife and daughter, and he has appealed.

The property in controversy was acquired by the said William Echols and Mary B. Echols, his wife, on March 2, 1906, with community funds, and the deed was taken in the names of "Mary B. Echols and William Echols, her husband." The title stood in both names until April 9, 1910, on which date the said William Echols made, executed and delivered to his wife, Mary B. Echols, a grant deed conveying all of his interest in said property to her. Said deed was in the usual form and contained no reservations whatever, and recited a consideration of "love and affection, which the said party of the first part (William Echols) has and bears unto the said party of the second part (Mary B. Echols); as also for the better maintenance, support, protection and livelihood of said party of the second part. . . ."

Since the execution of this deed, the property has at all times stood of record in the name of the said Mary B. Echols, and she has had exclusive control and management of the same, and paid all taxes levied or assessed against the same; except, that on the fifteenth day of July, 1923, Mary B. Echols conveyed a portion thereof to her daughter, Della Echols, one of the defendants and respondents herein. Della Echols has remained the owner and in possession of the property conveyed to her ever since she received the conveyance from her mother.

This action was commenced by William Echols on April 21, 1925, which *was over fifteen years after he had conveyed the property to his wife.*

The theory and con... the appellant seems to be that, although he conv... to his wife on April 9, 1910, neverthe... y retained its character as community prope... tention is entirely without merit.

Section 164 of the Civil Code provides, in part: "Whenever any property is conveyed to a married woman by an instrument in writing, the *presumption is that the title is thereby vested in her as her separate property.*"

Added to this presumption, which is itself evidence, is the positive testimony of Mary B. Echols, that her husband made her a gift of this property. The testimony of appellant himself shows that at the time he made, executed and delivered said deed to his wife, he knew exactly what he was doing and intended at said time to vest the title to said property in his wife, and desired to make a gift of it to her, but contends that after the deed was executed, Mrs. Echols promised him that the property would be as much his as hers, and that Mrs. Echols should hold the property in trust for him, etc.

Mrs. Echols and Mr. Echols were the only two witnesses who testified relative to the execution and delivery of the deed, and upon the testimony adduced the trial court found in favor of Mary B. Echols upon all of the issues and found that the property was her sole and separate property, and that when said deed of April 9, 1910, was made to her by the said William Echols, he intended to make her a gift of the property, and it thereby became her separate property. There is no reason shown in the record why this finding of the trial court should be disturbed. The case, in its last analysis, presents only a question of fact, and there is abundant evidence in the record to support the findings of the trial court; in fact, from the record presented, it is difficult to conceive how any other conclusion could have been reached by the trial court. In such a case, the trial court's findings are conclusive on appeal and we are powerless to interfere.

In view of the evidence and the findings, the other questions argued by the appellant become wholly immaterial and need no particular discussion.

We strongly suspect, from an examination of the entire record, that this action was instituted and this appeal taken for the sole pr̲... ...rassing the defendant, Mary B. Echols. ...

The judgment is ...

Thompson (R. L.), J., and Finch, P. J., concurred.